(110 So. 23)

## GARRETT v. STATE.    (8 Div. 817.)

(Supreme Court of Alabama.    June 10, 1926.
Rehearing Denied Nov. 11, 1926.)

**1. Criminal law ⬚1043(2).**

Under circuit court rule No. 33, general objection to evidence not patently illegal or irrelevant and failure of due motions to exclude are not sufficient to present for review ruling of trial court.

**2. Criminal law ⬚1122(4).**

Where bill of exceptions does not purport to set out all evidence, refusal of charges predicated thereon are not presented for review.

**3. Criminal law ⬚723(3).**

Argument, in murder case, that defendant had lowered good name of his county, *held* not improper.

**4. Criminal law ⬚720(9).**

Statement of prosecuting attorney, in murder case, "He cursed him," referring to testimony that defendant cursed victim, *held* not improper.

**5. Criminal law ⬚723(1).**

Argument, in murder case, that it might be better for defendant's children to take them and bring them up from under their present baneful influence, *held* without error.

**6. Criminal law ⬚720(3).**

Statement in argument in murder case that deceased was Confederate soldier, though outside issues, was not reversible error, where same was given in evidence without objection.

**7. Criminal law ⬚809, 829(1).**

Refusal of requested charges, fully covered by court's oral charge, or which are misleading or erroneous, *held* not error.

Appeal from Circuit Court, Jackson County;  W. W. Haralson, Judge.

Ed Garrett was convicted of murder in the first degree, and he appeals.  Affirmed.

Defendant objected to these remarks of the prosecuting attorney in his argument to the jury:

"Gentlemen of the jury, you are to-day trying a man that has caused the good name of Paint Rock Valley and Jackson county to be lowered in the estimation of the people of Jackson county."

"He cursed him"—referring to the fact that a witness said defendant cursed the deceased.

Objection was also made to the statement of the solicitor that deceased was a Confederate soldier.

O. M. Raines, of Scottsboro, for appellant.

It was error to admit in evidence deceased's dying declaration.  Sullivan v. State, 102 Ala. 135, 15 So. 264, 48 Am. St. Rep. 22; Shell v. State, 88 Ala. 14, 7 So. 40.  As to the elements of first degree murder, see

Smith v. State, 68 Ala. 424; Ex parte Brown, 65 Ala. 446.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

A general objection is not sufficient.  Rule 33, Code 1923, vol. 4, p. 906; Washington v. State, 106 Ala. 58, 17 So. 546.  Not purporting to contain all the evidence, the bill of exceptions does not present for review refusal of charges.  Hurd v. State, 116 Ala. 440, 22 So. 993; Lamar v. King, 168 Ala. 285, 53 So. 279; Southern R. Co. v. Wyley, 200 Ala. 14, 75 So. 326.  Such state of evidence will be presumed as will uphold the rulings of the court.  Davis v. State, 168 Ala. 53, 52 So. 939; Harper v. State, 109 Ala. 28, 19 So. 857; Clardy v. Walker, 132 Ala. 264, 31 So. 78.  Mere objection to argument avails nothing; motion to exclude is necessary.  Lambert v. State, 208 Ala. 42, 93 So. 708; Sharp v. State, 193 Ala. 22, 69 So. 122.

THOMAS, J.  The trial resulted in verdict of guilty of murder in the first degree and the sentence to life imprisonment.  A dying declaration was preceded by the required predicate.  Evans v. State, 209 Ala. 563, 96 So. 923.

[1, 2] Many general objections were made to the introduction of evidence that was not patently illegal or irrelevant and the failure of due motions to exclude are not sufficient to present for review the action or ruling of the trial court.  Circuit court rule 33, Code 1923, vol. 4, p. 906; Washington v. State, 106 Ala. 58, 17 So. 546.  We have examined the record and find no reversible error.  The bill of exceptions does not purport to set out all the evidence; hence the action of the court as to refusal of charges predicated thereon is not for review when the same is supported by the usual presumptions that obtain.  Southern Ry. Co. v. Wyley, 200 Ala. 14, 75 So. 326; Sanders v. Steen, 128 Ala. 633, 29 So. 586.  Such a state of the evidence will be presumed as to uphold the ruling of the trial court thereon.  Davis v. State, 168 Ala. 53, 52 So. 939; Clardy v. Walker, 132 Ala. 264, 31 So. 78; Harper v. State, 109 Ala. 28, 19 So. 857.

[3-6] The exhortation of the prosecuting attorney was a proper argument deducible from the evidence, and due appeal for the enforcement of the law.  So, also, there was no error in the deductions or short-hand rendition of the evidence, "He cursed him," to which exception was reserved.  The evidence showed defendant was married and had children, and the general observation of prosecution's counsel, "Gentlemen of the jury, it might be better for his children to take them and bring them up from under the baneful influence in which they are now in," was without error.  It is true the fact that deceased was a Confederate soldier was beside the issue of fact being

tried, yet it is also true that the same was given in evidence without due objection, exception, and motion to exclude. And in the present state of the record as to this, we will not reverse. Lambert v. State, 208 Ala. 42, 93 So. 708.

[7] We may say of the refused charges that they were either fully and fairly covered by oral charge or misleading or erroneous. The defendant is shown to have been tried without the intervention of prejudicial error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.