### KILGORE v. ATKINSON.
### 7 Div. 164.

Supreme Court of Alabama.
Oct. 5, 1933.

J. B. Atkinson, of Clanton, and L. H. Ellis, of Columbiana, for appellant.

Knox, Dixon & Dixon, of Talladega, for appellee.

FOSTER, Justice.

This is the contest of a will tried by the circuit court and a jury. From a verdict and judgment probating the will, contestant appeals to this court.

Testator was about 70 years old, and left a widow who was his second wife, but had been married to him about 21 years. The grounds of contest were principally undue influence on the part of the wife, or another for her, and mental incapacity. The court gave proponent the general charge on the ground of undue influence, and submitted that of mental incapacity to the jury.

The physical condition of testator was bad, due to uremic poison caused by a glandular trouble. There is no evidence that he was under the influence of his wife as the dominant factor in their relations. There is no evidence that she was active in causing the will to be executed. That feature of it most favorable to contestant is that when, at his request, the attorney and a banker went out to see him about the will, his wife left the room; that he told them he wanted the

property to go to the wife for life, and after her death to his children; she then came into the room, and he told her he was making his will and leaving his property to her for life, and at her death to go to his children, and asked her what she thought about it. She told him about the houses needing repair, the tenants complaining, and that the rent of $20 a month was not enough for her and to keep up the property; that he then consulted the lawyer and banker, and the lawyer told him he could give her the right to dispose of the property and give what was left to the children. Thereupon he so instructed the attorney, who went off and came back with the banker a day or two later with the will as he had been instructed, and it was executed in their presence, but in the absence of the wife. The only activity of the wife shown in this connection was the suggestion she made in response to his question to her.

We have no cases in Alabama which hold that such conduct is activity sufficient to cast upon her the burden of disproving undue influence, assuming that she was the dominant one of the two. Such activity by her must be shown before she has the burden in that respect. Jones v. Brooks, 184 Ala. 115, 63 So. 978; Bancroft v. Otis, 91 Ala. 279, 8 So. 286, 24 Am. St. Rep. 904; Hutcheson v. Bibb, 142 Ala. 586, 38 So. 754; Chandler v. Jost, 96 Ala. 597, 11 So. 636.

Undue influence cannot be predicated upon no more than "mere persuasion or argument addressed to the judgment or affections, in which there is no fraud or deceit" (Gilbert v. Gilbert, 22 Ala. 529, 58 Am. Dec. 268; Eastis v. Montgomery, 93 Ala. 293, 9 So. 311, 314); nor that which is equivalent to force or fear. Cox v. Hale, 217 Ala. 46, 114 So. 465; Id., 222 Ala. 136, 131 So. 233.

It may be that if the burden had been cast upon her to disprove undue influence, the credibility of the testimony or its inferences should be left to the jury. Coghill v. Kennedy, 119 Ala. 641, 659, 74 So. 459. But in making out the contestant's claim of undue influence, the only activity shown on the part of the wife was that in response to his inquiry she addressed an argument to his judgment about which he advised with his lawyer and a banker friend, and in which there was no sort of fraud or deceit, force or fear, but which presented a thought not at all unreasonable. The details of carrying it into effect were suggested by the lawyer. That does not therefore show such activity in procuring the will or that feature of it to which objection is specially directed by contestants as will cast on her the burden of proof. Henry v. Hall, 106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22. That sort of suggestion is clearly distinguishable from that mentioned in McQueen v. Wilson, 131 Ala. 606, 31 So. 94. If, when the husband is making his will pursuant to his own initiative, he informs his wife as to his ideas, and asks her for suggestions, and if such reasonable and sensible suggestion is made as here shown, she is thereby to be burdened with a duty to repell undue influence, it would seem to be very unjust to her. It is perfectly natural and proper to consult her in that matter, and for her to express her ideas, when they do not appear in any respect to be deceitful or sinister. We do not think the court erred in this respect.

The affirmative charge for proponent on the grounds of contest which charged undue influence to Murchison, who was the banker and present at the time of the preparation and execution of the will, was without error, since there was no evidence to substantiate the charge.

█ The refused charges requested by contestant relating to undue influence are abstract, and, whether they assert correct principles or not, their refusal was without reversible error, since the affirmative charge was, we think, properly given on that issue.

Assignment 14 does not show a ruling of the court in such manner or form as to present any question for our consideration.

█ The first ground of the contest was a denial of the due execution of the will. While one who is mentally incapacitated to make a will cannot duly execute one, such mental incapacity is not presented as an issue on the contest by a mere denial of due execution. The law will presume mental capacity in the absence of proof to the contrary. There was a ground of contest on that claim, on which there was much evidence, and which was carefully submitted to the jury. We do not think that it was prejudiced by an affirmative instruction on the ground of contest which denies due execution, especially when considered in connection with the oral charge which shows by clear inference that it had no relation to mental capacity.

We do not think there was reversible error shown in any of the assignments.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.