152 So. 38

CAMP v. DOBSON.

5 Div. 142.

Supreme Court of Alabama.

Jan. 11, 1934.

Holley & Milner, of Wetumpka, for appellant.

Pruet & Glass, of Ashland, for appellee.

34

GARDNER, Justice.

■ Appellant was the granddaughter and only heir at law of R. M. Dobson, deceased, whose will of August 5, 1932, was duly admitted to probate over her objection. The chief ground of contest was mental incapacity of the testator to execute the will. Upon this issue the testimony was in sharp conflict, and for the jury's determination. We find no serious contention that the proof was insufficient to establish the otherwise legal execution of the will, and that ground of contest may be here disregarded. · And our study of the record is persuasive the remaining ground of undue influence was likewise· insufficient. for submission of that issue to the jury.

■ Contestant, with some nieces and nephews of the decedent, were named beneficiaries under the will. The chief beneficiary, however, appears to have been the nephew W. C. Dobson, who was not present at the time of the execution of the will, and is shown to have had no part therein, nor to have exercised or attempted to exert any influence over testator. A nephew, a beneficiary under the will to a small degree, at his uncle's request, called over the telephone for testator's attorney to come and attend to the matter of the will. This is all the activity shown on his part, with no confidential relations otherwise existing, or any suspicion of a dominating spirit. Charges based upon an issue of undue influence were therefore properly refused. Kilgore v. Atkinson, 227 Ala. 310, 149 So. 808; Johnson v. Armstrong, 97 Ala. 731, 12 So. 72, 75.

■ There were also charges refused to contestant, based upon the theory the evidence shows a permanent and fixed insanity of testator, of a nature presumed to continue, and sufficient to shift the burden upon proponent to show the existence of a lucid interval at the time of the execution of the will.

But, to have that effect, the proof must show habitual and fixed insanity, and occasional aberrations of mind produced by temporary causes are not sufficient. "The disease of the mind must be of such general and permanent character as human experience shows generally continues." Johnson v. Armstrong, supra; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147; McBride v. Sullivan, 155 Ala. 166, headnote No. 6, 45 So. 902; Saxon v. Whitaker, 30 Ala. 237; West v. Arrington, 200 Ala. 420, 76 So. 352; 32 C. J. 758.

The proof shows that testator was of alert and vigorous mind, and, perhaps, above the average. of intelligence. His age does not appear, but he is at one time referred to as the "old gentleman."

A growth, discovered to be of a cancerous nature, developed on his arm in 1927, and operations tended to spread rather than check the disease, and in 1931 his arm was amputated. There was much pain, and narcotics were administered to relieve it.

Upon this basis rests the opinion of contestant's witnesses that testator was of unsound mind, but we interpret their testimony to show only that, on account of the disease and the use of narcotics, testator was at times of unsound mind, but at others his mind was entirely rational (McBride v. Sullivan, supra), and that therefore these charges, based upon a contrary assumption, were properly refused.

The real and vital issue in the case, therefore, relates to the matter of mental capacity of the testator at the time of the execution of the will, and upon which the burden of proof rested upon contestant throughout. Upon that issue, it has long been the established rule of our decisions, based upon the theory of an invasion of the province of the jury, that neither an expert nor nonexpert witness should be permitted to testify to the conclusion that a testator had sufficient mental capacity to make a will (Walker v. Walker, 34 Ala. 469), and this rule has been consistently followed in subsequent decisions. "It is well settled that, on the issue as to testamentary capacity, a witness, whether expert or not, cannot testify that the testator was or was not capable of making a will, because, as it is said, this is the very issue to be·submitted to the jury." Councill v. Mayhew, 172 Ala. 295, 55 So. 314, 317. See, also, Wear v. Wear, 200 Ala. 345, 76 So. 111; Arnold v. Gibson, 216 Ala. 314, 113 So. 25; Deloney v. State, 225 Ala. 65, 142 So. 432.

■■ We interpret the testimony elicited by the questions to witnesses for proponent, objections to which were overruled and pointed out in assignments of error 1 to 5, inclusive, as violative of the established rule referred to, and constitute error to reverse. That this was error, under our decisions, does not appear to be seriously controverted by counsel for proponent, but they insist the

door was opened for such improper proof by contestant in offering evidence that testator was not competent to transact ordinary business, citing Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Baldwin v. Walker, 94 Ala. 514, 10 So. 391. In the first place, the testimony of the witness Darden, to which proponent's counsel refer, was a mere voluntary statement on his part in answer to the question propounded by contestant whether or not in his opinion testator was of sound or unsound mind, and, clearly, contestant is not to be held so highly responsible for the form of the answer given; the question itself being entirely proper. But the discussion in Wear v. Wear, supra, suffices to show the distinction between proof as to capacity of one to transact ordinary business and on the other hand to execute a will. Viewed from either aspect, therefore, the theory upon which counsel for proponent attempt to overcome these erroneous rulings is untenable.

In view of another trial of the cause, one or two questions of evidence should be considered. Though it may be a matter of slight weight, proof of the ill health of contestant may be admitted upon the same reasoning as would that of her financial condition, such as was held in Gaither v. Phillips, 199 Ala. 689, 75 So. 295; Eastis v. Montgomery, 95 Ala. 486, 11 So. 204, 36 Am. St. Rep. 227.

The hypothetical questions propounded by proponent, strictly speaking, assumed a fact not established; that is, the birth of two children to testator's last wife after separation of the parties. It appears testator was so informed, but the source of his information does not appear. There seems to have been a letter from his divorced wife, but its contents was not disclosed. The question propounded, therefore, should have been limited to the fact, in this regard, that testator was so informed, rather than the statement that such was in fact the case. If testator was informed, and so believed, this answered all the purposes of the hypothetical questions. As the evidence here appears, the question was too broadly stated. Whether the above-stated questions of evidence would suffice for a reversal need not be determined, but these observations are made in view of another trial of the cause in connection with the other matters hereinbefore considered, which will tend to limit and simplify the issue for the jury's decision.

For the errors indicated in assignments 1 to 5, inclusive, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.