170 So. 192

SOVEREIGN CAMP, W. O. W., v. JACKSON.

4 Div. 895.

Supreme Court of Alabama.

Oct. 15, 1936.

W. L. Lee, of Dothan, for appellant.

J. N. Muilins, of Dothan, for appellee.

GARDNER, Justice.

Suit on a beneficiary certificate issued by defendant on the life of Porter H. Jackson, wherein plaintiff, his wife, was the named beneficiary. The certificate contained a double indemnity clause, providing for payment of double the amount of the policy "upon receipt of due proof that the death of the member resulted, directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental means, and within sixty days after sustaining such injury." The stipulated exceptions are here unimportant.

The application for insurance was made October 12, 1933, the certificate issued October 31, 1933, and was accepted by insured November 7, 1933. Insured died on November 16, 1933. Plaintiff's proof was to the effect that her husband, the insured, was a farmer in robust health, with no loss of time from his work during the last five years; that in the evening of November 14, 1933, insured was engaged in stripping cane, and was cut or scratched with a part of the cane fodder on the upper lip, with slight bleeding resulting, but continued with his work; the lip was considerably swollen the next morning, medical aid was given, but to no avail, and insured died two days thereafter from blood poisoning as a result of the injury.

Upon the question of double indemnity, defendant cites, against a recovery therefor, the recent case of Northam v. Metropolitan Life Ins. Co., 231 Ala. 105, 163 So. 635. But the two cases are so dissimilar as to the facts as to render that authority of no practical value here, and we consider that question as requiring no further discussion.

Upon the merits, defendant pleaded breach of warranty and misrepresentation as to previous sickness and medical consultations contained in insured's application, as well as the warranty in his acceptance of the certificate, that he had not been sick since the date of his application.

As to the proof it appears insured was visited by a physician after his application, and on October 18, 1933, and his trouble diagnosed as malaria. But the doctor testifies it was only a slight temporary indisposition, that he gave the proper treatment, and so treated, it is not a sickness that affects the general soundness and healthfulness of the system. There was proof also that in 1931 insured was treated for sciatica, and plaintiff offered countervailing medical proof to the effect that such disease is consistent with good health, especially a temporary attack, and in answer to both the sickness in 1931 and 1933, numerous witnesses were introduced to show that insured was a robust farmer attending to his daily duties, and with no loss of time for the past two and five years preceding his application for insurance.

Under the present statute (Code 1923, § 8507), any such representation or warranty on the part of the insured as here involved must, to be available as a

defense, be made with the intent to deceive or must have increased the risk of loss. But, as pointed out in Sovereign Camp, W. O. W. v. Moore, 232 Ala. 463, 168 So. 577, it is not essential that both alternatives concur.

And upon the question of proof there is no insistence by counsel for defendant that a jury question was not presented both as to any intent to deceive and as to whether or not the matter misrepresented increased the risk of loss. The argument is that as a matter of pleading these questions were not in the case, for the reason that the defendant in drafting its pleas made no such averment. True, it is said, this doubtless rendered the pleas defective and subject to demurrer, but no demurrer was interposed, and as issue was taken thereon and the pleas proven, defendant was due the affirmative charge in its behalf. While no demurrer was interposed to the pleas, yet plaintiff filed special replications to each, to the effect that the matter of misrepresentation set up in the pleas was not with actual intent to deceive nor did it increase the risk of loss. Defendant's demurrer to these replications was overruled.

Defendant insists that proper pleading called for a demurrer to its pleas, and this, not having been done, the defects therein could not be cured by replications filed thereto. We are persuaded that under the authorities as well as upon considerations of good pleading, the point is well taken. Zirkle v. Jones, 129 Ala. 444, 29 So. 681; Broyles v. Central of Georgia R. Co., 166 Ala. 616, 52 So. 81, 139 Am.St.Rep. 50.

But we are not here dealing with a mere error in pleading or the ruling thereon, but with error to reverse, which, since the adoption of Supreme Court Rule 45, must be such an error as "has probably injuriously affected substantial rights of the parties." It may be freely conceded an improper method of pleading was pursued. Nevertheless, the essential issue was squarely presented by the replications which were permitted to remain in the case, and the jury fully and fairly instructed thereon by the trial judge in his oral charge. The cause was fairly tried upon its merits with every essential element involved brought forward both in pleading and proof, and given in instructions to the jury. It cannot be said under these circumstances that the ruling was such as to have probably injuriously affected any of

defendant's substantial rights, and reversal cannot therefore be rested thereon. The following, among many other of our authorities, fully sustain this conclusion: Vance v. Morgan, 198 Ala. 149, 73 So. 406; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; American Agricultural Chemical Co. v. Lowery, 227 Ala. 96, 148 So. 849; Mobile L. & R. Co. v. Ellis, 207 Ala. 109, 92 So. 106; Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665.

The foregoing expresses the views of the writer, but the other members of the court participating in a consideration of this cause are unwilling to concede error in the ruling on demurrer to plaintiff's replication, as they entertain the view that by that method of pleading plaintiff merely assumed an unnecessary burden of proof.

The argument concerning charges given for plaintiff is based upon the theory that the matter of the replications were not properly in the case—a question embraced in the foregoing discussion, and which needs no further treatment.

As to defendant's refused charges, without stopping for an analysis, it may be said they were either subject to criticism, or, if not, their substance was embraced in the oral charge of the court or in defendant's given charge.

Upon consideration of the record, we find no error to reverse, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.