194 So. 877
**ALL STATES LIFE INS. CO. v. JOHNSON.**
**4 Div. 80.**

Supreme Court of Alabama.

Dec. 1, 1939.

Rehearing Denied Jan. 18, 1940.

Further Rehearing Denied April 4, 1940.

E. O. Baldwin, of Andalusia, for appellee.

Mizell & Pearson, of Andalusia, for appellant.

FOSTER, Justice.

This is an action on a life insurance policy. There are no pleas set out in the record. The judgment recites that issue was joined and a jury and verdict for plaintiff.

The charge of the court to the jury states that the defense is a claim that certain provisions of the policy in reference to the health of the insured were breached by misrepresentations in the application. The court then quoted from the policy in that respect; and also quoted section 8364, Code, as to the effect of misrepresentations in the negotiation of the contract of insurance; and quoted from the application the question "Have you ever had or been affected with cancer"?, and the answer to it of "No." The court then charged them as follows: "Well, before you could make a representation, gentlemen of the jury, as to a condition of your health in reference to cancer, of course, the insured would not be charged with that representation unless he knew, or was negligent in failing to know, that he had the cancerous disease; because you can't charge a man with what

he don't know anything about, unless there was negligence on his part in ascertaining he had that disease. So if the deceased in this case, gentlemen of the jury, the insured, made misrepresentation as to cancer, and he had no symptoms that could be disclosed, or that had been disclosed, that would indicate that he had cancer, and he honestly believed at the time he didn't have cancer, and had no symptoms of cancer, the fact that he said he didn't have cancer would not void the provision of this policy, unless he knew it at the time or had reason to believe he had cancer at the time, or he was negligent in failing to find out about his condition, because it does increase the risk of loss. So that is the rule of law with reference to that disease, and that is a disease that is actually covered specifically by this application—that is, cancerous disease."

The court also charged the jury that another defense made by defendant was that he must have been in good health at the time the policy was delivered.

The bill of exceptions shows that plaintiff introduced the policy, which was dated June 5, 1937, and the application dated May 21, 1937, and proof of death, which occurred August 5, 1937.

There was much evidence as to whether deceased was affected with a cancer when he gave the application, and also when the policy was issued. No objection was made that this evidence was not relevant and the charge to the jury was out of place had it not been relevant. But the bill of exceptions does not contain the policy, nor does it set out the features of it which are alleged to have been breached. An effort has been made to get this corrected but to no avail.

■ The bill of exceptions does not show that exception was reserved to the quoted excerpt from the judge's charge, though it is so noted in the record proper. But that is not sufficient to review it. Solnick v. Ballard, 218 Ala. 206, 118 So. 381; Jiles v. State, 218 Ala. 658, 120 So. 147; National Surety Co. v. Boone, 227 Ala. 599, 151 So. 447. But the given and refused charges need not appear in the bill of exceptions, nor need an exception be noted. Section 6430, Code.

Refused charge B is as follows: "If you believe from the evidence in this case that the insured had cancer at the time the policy sued upon was delivered, irrespective of insured's knowledge of that condition, and his death resulted therefrom, then I charge that such was a breach of the warranty of said policy, and you cannot find for the plaintiff."

The substance of this charge had not been given in the general charge nor in special charges.

■ It is apparent from the court's oral charge that his interpretation of section 8364, Code, was that though the insured had a cancer at the time he made the application it would not avoid the policy unless there was a misrepresentation by insured in the application in that respect which he either knew was false or he had some symptoms which at the time were sufficient to disclose or indicate to him that he did have cancer at the time. The court stated that his interpretation of said statute was sustained by our case of Pacific Mutual Life Ins. Co. v. Edmonson, 235 Ala. 365, 179 So. 185.

But that case makes it plain, as do the words of the Code section, and many of our cases, that such a representation or warranty must be predicated upon one of two alternatives, either that material matter was misrepresented with actual intent to deceive, or that the matter be such as to increase the risk of loss. Our cases are cited in the opinion in Pacific Mutual Life Ins. Co. v. Edmonson, supra.

It is not essential that both alternatives concur. Sovereign Camp, W. O. W. v. Jackson, 233 Ala. 120, 170 So. 192; New York Life Ins. Co. v. Horton, 235 Ala. 626, 180 So. 277.

■ Our cases are to the effect that we judicially know that cancer increases the risk of loss. So that the refusal of charge B, copied above, is a misinterpretation of the statute.

It is noted that charge B refers to insured's condition at the time the policy was delivered. It is evident from the charge of the court that the application declared the health of insured must be good at the time the policy was delivered as well as when the application was made. This is sometimes done in another certificate signed by insured at the time the policy is delivered. Massachusetts Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768. Sometimes good health at the time of delivery is a term of the policy, and its acceptance is declared to be a warranty to that effect. Southern States Life Ins. Co. v. Dunckley, 226 Ala.

588, 148 So. 320. In either event, it is not necessary that there shall be both the actual intent to deceive and that the affliction of insured at the time shall increase the risk of loss. Either status will be a breach of the warranty or representation. Southern States Life Ins. Co. v. Dunckley, supra; Sovereign Camp, W. O. W. v. Rowe, 225 Ala. 336, 143 So. 171.

But the refusal of a charge which is abstract is not error to reversal, though the charge stated the law correctly.

It is insisted that the charge is not shown to be relevant in the absence of the policy or its features which make the principle applicable to this case. But section 6432, Code, provides that the bill of exceptions shall state the point where the court is supposed to err (not necessary as to refused charges) "with such a statement of the facts as is necessary to make it intelligible."

And in section 6438 and Rule 32 of circuit court practice, it is provided that bills of exception shall not contain a statement of ·the evidence in extenso, except as there required. And subdivision 3 provides that when a charge is asked or refused the tendency of the evidence may be stated sufficient to show that the charge is not abstract.

Since the days of court reporters there has grown up a habit of stating all the evidence in the bill of exceptions. And this is necessary in order to review the ruling on the affirmative charge requested in writing by either party or on a motion for a new trial because of the insufficiency of evidence.

But the refusal (of a requested charge) can and will be revised, if it is shown by the bill of exceptions that the instructions were not abstract, (that is) that there was evidence before the jury upon which they were based and to which they could be applied, or were not addressed to the sufficiency of the evidence.

When the court refuses a charge which is apparently pertinent and states a correct proposition of law, this Court will not presume that there was evidence not shown to reverse the ruling, and the cause should not be reversed unless it appears from an inspection of the entire record that the error complained of has probably injuriously affected the substantial rights of the party complaining. Rule 45, Supreme Court.

While Rule ·45, supra, changes the presumption of injury resulting from error, it was said in Henderson v. Tennessee ·C., I. & R. R. Co., 190 Ala. 126, 67 So. 414, 416, that "This court * * * will look to all of the record before it for the purpose of ascertaining whether or not the errors shown were probably prejudicial, and even in cases of this kind, where no bill of exceptions is taken, if the given and refused charges are sent up in the record proper, we will look to them for the purpose of ascertaining whether or not the errors were probably injurious." The Court was then dealing with rulings on pleadings. Fenner & Beane v. Olive, 226 Ala. 359, 147 So. 147.

When we look at the charge of the court to the jury and the evidence given without objection on the question of the existence of the cancer, we are lead to the conclusion that the refusal of charge B was probably injurious to appellant. ·We note in the court's oral charge that the jury were directed to find on that issue against defendant unless insured had notice of some circumstance to disclose to him that he was so affected. The jury of course gave heed to that instruction. There was sufficient evidence to make the refused charge intelligible and pertinent. The error is therefore reversible, though considered in the light of Rule 45, supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, Justice.

After the opinion in ·this case was published in advance sheets, our attention was called to the fact that the charge requested by appellant, whose refusal was made the basis of a reversal, is not expressed in appropriate language, in that, it is hypothesized on a belief of the evidence rather than a reasonable satisfaction from the evidence. Our attention to this was not called by counsel in the case, but by a disinterested attorney, showing that in reversing the judgment on account of the refusal of the charge, we were not following a line of our cases to the effect that when a charge thus framed is refused, its refusal will not be ground to reverse though it otherwise should have been given, even though it exacts a. higher degree of proof on the one asking

the charge than the law requires. W. P. Brown & Sons Lumber Co. v. Rattray, 238 Ala. 406, 192 So. 851; Sovereign Camp, W. O. W., v. Sirten, 234 Ala. 421, 175 So. 539; Burch v. Burch, 231 Ala. 464, 165 So. 387; Warner v. Warner, 223 Ala. 524, 137 So. 418; Cain v. Skillin, 219 Ala. 228, 121 So. 521, 64 A.L.R. 1022, and the many cases cited in them.

In preparing the opinion in this case that status was not noticed by the writer nor the Court in acting on the charge. No such contention was made on the hearing, either on the original submission or on application for rehearing. When we consider questions raised, it is usual to limit ourselves to the contentions made and not to seek some formal or substantive matter not relied on in the case.

The legal status of this charge was argued by counsel on the basis of its merits without regard to the form now referred to. But even so a trial judge may rely on the rules of this Court, and refuse a charge whose form has been condemned by us, without being reversed for doing so. But when the charge of the Court shows that the case was tried by the Court on a theory which we think is erroneous, and the written charge referred to is the method used by counsel in obtaining an exception to the theory on which it was tried, and it goes to the very gravamen of the defense, we see nothing to indicate that its refusal was probably on account of the form of the charge. We should review rulings on the theory on which they were probably made. With this explanation, we will not alter the reversal heretofore ordered without disturbing the effect of our decisions.

Application overruled.

ANDERSON, C. J., GARDNER and BOULDIN, JJ., concur.