198 So. 258

## SIMS v. STATE.
### I Div. 376.

Court of Appeals of Alabama.
June 4, 1940.

Rehearing Denied June 18, 1940.

Sullivan, Holberg & Tully and Ralph G. Holberg, Jr., all of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by the terms of Code 1928, Section 4131—obtaining property by false pretenses. The value of the property shown to be so obtained ($2,300) warranted the punishment imposed. Code 1928, Sec. 4905.

In view of the record, as it comes before us, we can see no necessity for a detailed discussion of the evidence.

Appellant was charged by an indictment, unchallenged by demurrer, with falsely pretending to Stella O. Kimbrough, with intent to defraud, that he was an agent of the National Union Mortgage Company, and that said National Union Mortgage Company had sent the appellant to the said Stella O. Kimbrough to collect certain bonds for exchange for bonds of greater value; and said indictment further stated that by means of such false pretenses the appellant obtained from Mrs. Kimbrough three particularly described bonds (of the value of $2,300) belonging to her.

Appellant was unrepresented by counsel on his trial below, but he is represented here by capable counsel who have filed a brief in his behalf evincing much ability and industry. And said counsel, with commendable candor, admit that there are but three questions apparent which deserve our consideration. We agree.

These questions are, as stated by appellant's counsel:

1. Did the State meet the burden of proof in establishing every element of the offense charged to the appellant?

2. Was there a fatal variance between (the allegations of) the indictment and the proof?

3. Did the court commit a reversible error in permitting testimony concerning the appellant's record as to previous criminal offenses?

The first two questions are raised by the refusal to give to the jury at appellant's request the general affirmative charge to find in his favor.

■ Nothing seems more definitely settled than that before we can review the action of the lower court in refusing the requested affirmative charge in favor of a party, the bill of exceptions sent to us must show that it contains all the evidence. To use the language of Mr. Justice Foster of our Supreme Court, in what we believe is the latest utterance on the subject: "Since the days of court reporters there has grown up a habit of stating all the evidence in the bill of exceptions. *And this is necessary in order to review the ruling on the affirmative charge requested in writing by either party or on a motion for a new trial because of the insufficiency of evidence.*" (Italics ours.) All States Life Ins. Co. v. Johnson,

Ala.Sup., 194 So. 877, 880.[1]  And see
Daugherty v. State, 28 Ala.App. 453, 186
So. 780, wherein we cite Crow v. McKown,
192 Ala. 480, 68 So. 341, L.R.A.1915E, 372.

Here, the bill of exceptions not only
does not *state* that it contains all the evi-
dence—a prerequisite to our consideration
of questions 1 and 2, above—but it shows
on its face that it does *not* contain all the
evidence.  Hence we cannot pass upon said
questions.

As for question No. 3 it may be well
to observe that our duties are appellate,
only.  Unless there is an exception to a given
ruling, below, either reserved, or presumed,
there is nothing for us to do about said rul-
ing.

And as for answering said question No. 3
we find nothing presented to us.  Nowhere
is there an exception to a ruling admitting
(or rejecting) testimony, which warrants
our review.

There does seem to be an exception to a
ruling "admitting into the evidence" what
the parties refer to as the "Hoover Report."
But no such report appears to have been
actually introduced—certainly it does not
appear in the bill of exceptions.  Hence we
are unable to review the said ruling.

Any other "testimony concerning the ap-
pellant's record as to previous criminal of-
fenses" which was offered, went into the
evidence without objection—and therefore
presents nothing to us for decision.

While we have "searched the record for
error" (Hughes v. State, 213 Ala. 555, 105
So. 664) in accordance with our statutory
duty—and this in the light of the excellent
briefs furnished us by the parties, state and
defendant (appellant),—we are unable to
discover, anywhere, a ruling or action by
the trial court presented to us in a way that
would authorize our ascertaining and de-
claring said error,—if it existed—and re-
versing the judgment appealed from.

It results, said judgment must be, and is,
affirmed.

Affirmed.

