14 So.2d 162

**VOLUNTEER STATE LIFE INS. CO. v. DAVIS.**

**3 Div. 848.**

Court of Appeals of Alabama.
April 20, 1943.

Rehearing Denied May 11, 1943.

168

Ball & Ball, of Montgomery, for appellant.

* Walter J. Knabe and Jack Crenshaw, both of Montgomery, for appellee.

BRICKEN, Presiding Judge.

The complaint, pleas 4 and 5, and the demurrers to these two pleas, appear in the report of the case.

In Sovereign Camp, W. O. W., v. Barton, 237 Ala. 120, 186 So. 126, 129, the Supreme Court, referring to proofs of disability, said: "Satisfactory proofs in this connection means proofs which should be deemed satisfactory."

To like effect is Couch on Insurance, Sections 1516, 1541 and 1688.

As we view the authorities, the lower court correctly sustained the demurrers to pleas 4 and 5, for notwithstanding the averments thereof, the proofs submitted may have been such as "should be deemed satisfactory."

Appellee introduced in evidence proof of loss filed and the insurance policy involved. This policy contained among other provisions the following:

"If, after one full annual premium has been paid hereon, while this policy is in force the Company shall receive at its Home Office proof satisfying to the Company's Medical Director that the insured has become wholly disabled by bodily injury or disease prior to attaining 60 years of age and that the insured is, and will be thereby, permanently and continuously prevented from engaging in any labor or service whatsoever for remuneration or profit, during the continuance of such disability the Company will waive payment of each premium, or instalment thereof, hereon, as it becomes due thereafter, beginning at the next succeeding anniversary date of this policy, provided this policy is maintained in force to such anniversary date; provided, further, however, that such proof must be furnished the Company at least sixty days before the due date of any premium to be so waived.

"Should the Company accept, under any of the foregoing disability provisions, proof of disability, it may, nevertheless, at any

time thereafter, and from time to time, but not oftener than once a year, demand of the insured proof satisfying to its Medical Director of the continuance of such disability, and upon failure of the insured to furnish such proof, or, if it appears that the insured has become able to engage in any labor or service whatsoever for remuneration or profit, no further premiums shall be waived and no further disability income payments shall be made by the Company."

The record shows, "Defendant admitted that in February 1939 plaintiff was injured by an automobile accident and was totally disabled to perform duties at that time and that proof of the disability was made to defendant and that it paid him up to August 1941."

It appears from the record that appellee, who was 58 years of age, was injured in an automobile accident in February of 1939, at which time he was a traveling salesman, with no other occupation and no training in or for any other business or occupation, with a very limited education which did not extend beyond the Blueback Speller. He had no education in clerical or bookkeeping work and his injuries totally disabled him from engaging in his occupation as a salesman. His right leg was broken in five places and the upper portion lapped over. That is what hurt him so bad. His hand was broken. A piece of iron went through his hand, according to doctor, cut the nerve in two. This caused pain all the time. Walking hurt him. He could sit comfortably only when his leg was raised as high as the desk, and further that it was painful to stand or work, and this pain was increased in bad weather. Other injuries were also testified to more in detail than this summary thereof.

In 1940 the appellee had a home built, but he personally had little to do therewith. A foreman built the house and occasionally the appellee was taken by his wife to that point and appellee would lie upon a cot and watch the work going on.

In 1941 appellee undertook to do hauling and to sell certain gravel and top soil, bought some second hand trucks, which he never drove himself, but he had hired hands whom he instructed what to do and he visited the working place from time to time, going in a car. He did not personally do any of the work but exercised a degree of supervision over the same. This venture appears to have been unprofitable and he testified that he was not making anything at it "because he was not physically able to look after nothing."

Thus the important question in the case hinges upon whether under the above-quoted policy provisions the proof shows total disability continued up to the institution of this suit, or whether the proof shows the contrary.

The courts have wrestled with this question. The decisions are not entirely harmonious, but the now established rule, as presently declared by the Supreme Court in Mutual Life Ins. Co. v. Danley, 242 Ala. 80, 5 So.2d 743, 747, is as follows: "The result of our many decisions, therefore, is the true rule that total disability within the meaning of the policies here involved means inability to substantially perform the duties of any substantially gainful occupation for which he is qualified by training, education or experience. The proper test is not whether an insured can do all or substantially all of the things he previously did in following a gainful occupation, but whether or not the insured can substantially perform the material duties of some occupation for which he is qualified."

Appellant urges that, inasmuch as the appellee undertook to do a contracting or hauling business selling top soil and gravel, operating through employees, he thereby demonstrated his capacity to engage in some gainful employment or occupation and hence was not now totally disabled. It is conceivable that an injured salesman, confined to his bed, might, over the telephone, undertake to sell insurance, razor blades, pencils or shoe strings, but we dare say this would not disprove permanent disability; he might, while so circumstanced, undertake to write songs, short stories, or even a novel, without thereby showing that he could pursue a gainful occupation; he might preach the Gospel if he could find some one to listen to him; he might conduct a singing school. In fact, he might do a great variety of things without, in our opinion, indicating any recovery whatever from a previously admitted total disability. The fact that he tried to engage in a gainful occupation which proved disastrous, does not, as a matter of law, disprove a total disability. In the United States Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462, 464, the Supreme Court discussed the question of

permanent total disability (and in that respect the opinion there rendered has been modified or limited), but in the course of the opinion the court said:

"The appellant contends that as the evidence is without dispute that during the period of time claimed as total disability the insured went to his office and attempted to perform and did perform a part of his duties, which were those of traveling salesman and shipping clerk for a mercantile business, that this is conclusive against the insured, and that his disability after he attempted or did perform a part of his duties was not total.

*    *    *    *    *

"It is true, as before stated, that during this period the insured did go to his office and the store, and on several occasions attempted to perform some of his duties, and in a way did assist in discharging some parts of these duties, but had to desist therefrom. His evidence, together with that of the physicians and other witnesses, show that he ought not to have so attempted to perform those duties during the periods as to which the claim for total disability is made. He was, within the meaning of the policy, totally disabled, notwithstanding he did during the period, on different occasions, go to his office or place of business and attempt to perform some of those duties."

In so far as we are aware, this quoted portion of the opinion has not been modified or limited. It was approved in Travelers' Ins. Co. v. Plaster, 210. Ala. 607, 98 So. 909, 912, so far as relates to the effect of attempted work, where the court quoted approvingly from a Vermont case. Clarke v. Travelers' Ins. Co., 94 Vt. 383, 111 A. 451: "An honest effort to labor which ought not in fact be made should not, nor does it, defeat a right to indemnity under a policy of accident insurance."

It appears from the record that plaintiff suffered continuous pain while trying to superintend the business above referred to, and it would seem that "common care and prudence (would) require him to desist from transacting such business" attended with continuous pain. The language of the Supreme Court in Protective Life Ins. Co. v. Wallace, 230 Ala. 338, 161 So. 256, 259, seems apt: "The evidence, as we find it in the record, conclusively shows that plaintiff's injuries were of such nature as to render him totally and permanently disabled, presumably for life, not only from pursuing the business or occupation in which he was engaged at the time he received his injuries, but from doing any other work requiring physical exertion. The evidence shows that his efforts to do the little work required of him in the position of crossing flagman, given him by the Birmingham Southern Railroad, is attended with discomfort and pain, and common prudence would seem to suggest that he should not undertake this work."

■ Six assignments of error relate to rulings on the testimony. The view obtains that these rulings were correct. The X-ray pictures made following the accident were admissible in evidence to show the extent of the injuries, and the lapse of time since the pictures were made would not render them inadmissible in the absence of any proof of bodily changes since the taking thereof.

Appellant propounded a series of interrogatories to its witness, John B. Steele, Medical Director of the appellant, and among them, interrogatories numbered 2, 4, 5 and 6, as follows:

"2. Please state fully your qualifications and experience as a Medical Director of the defendant or any other insurance company and of facts pertaining to show that you are a qualified Medical Director of an insurance company and as such capable of deciding from facts submitted to you whether or not an insured is at the time so disabled within the terms of the policy referred to in this case to engage in any labor or service whatsoever for remuneration or profit.

"4. As such Medical Director and on behalf of the defendant company did you write and have mailed to the plaintiff a letter dated August 21, 1941, and one dated September 8, 1941, and state whether or not you received and gave full consideration to all information received by you or the company in reference to the physical condition of the plaintiff during said period and if so state what information you received.

"5. State whether or not the plaintiff furnished to the defendant in 1941 proof satisfying to you of the continuance of the disability under which the plaintiff is making claim in this suit.

"6. If the plaintiff furnished any proof of disability in 1941 for which he makes claim in this suit please state whether the same was satisfying to you as Medical Director of the defendant of the continuance of such disability and if not state

wherein he failed to furnish such proof and to satisfy you of the continuance of such disability."

■ The court sustained an objection to interrogatory 2, and the answer thereto, and this ruling is assigned as error. In our view the ruling was correct since a witness should not be permitted to say that his qualifications render him "capable of deciding facts admitted whether or not an insured is at the time so disabled within the terms of the policy referred to in this case to engage in any labor or service whatsoever for remuneration or profit." That is the ultimate fact to be determined by the jury or court trying the case, and we think it perfectly clear that a witness, expert though he be, cannot be permitted to usurp the functions of the jury. Eureka Co. v. Bass, Adm'r, 81 Ala. 200, 8 So. 216, 60 Am. Rep. 152; Louisville & N. R. Co. v. Landers, 135 Ala. 504, 33 So. 482; Staples v. Steed, 167 Ala. 241, 52 So. 646, Ann.Cas. 1912A, 480; City of Birmingham v. Crane, 175 Ala. 90, 56 So. 723; Travis v. Louisville & N. R. Co., 183 Ala. 415, 62 So. 851; American Nat. Ins. Co. v. Rosebrough, 207 Ala. 538, 93 So. 502; Camp v. Dodson, 228 Ala. 32, 152 So. 38; Pacific Mut. Life Ins. Co. v. Marks, 230 Ala. 417, 161 So. 543.

■ The court excluded that portion of the answer to interrogatory 4 wherein the witness referring to a letter said: "I am sending to Attorneys Ball and Ball of Montgomery in response to plaintiff's motion to produce the originals of all of the documents that were received by me. Those received in 1941 included report of Retail Credit Company received on August 29th, 1941; medical examiner's statement of Dr. John L. Branch received on September 4, 1941, and claimant's statement of Paul L. Davis received on September 5, 1941. These papers show that the condition of Mr. Paul L. Davis was not that of total and permanent disability. On the contrary, they show that he was engaged in construction work, and that he had in his employ and under his supervision a number of employes. They showed that he was actively engaged in operating and conducting a business of his own."

This ruling could be justified upon several grounds. The appellant could not, in communications to this plaintiff, make evidence in its own favor by self-serving letters (9 Ala.Dig., Evidence, ☞No. 271, (19) p. 237), nor could its witness binding-

ly determine what the papers accompanying the letter showed, either as to disability or ability to engage in certain work. Again this was a matter for the ultimate decision of the jury and not determinable by the mere opinion of appellant's Medical Director.

■ Interrogatories 5 and 6 inquired as to whether or not the proof was "satisfying" to the Medical Director. As we have seen, the Supreme Court has expressly declared that if the proof ought to be satisfactory, then it was satisfactory, whether so considered by the Medical Director or not. Whatever should be "deemed satisfactory" is, in the eyes of the law, satisfactory whether so considered by a Medical Director or not, under the Barton case cited, supra.

■ The transcript shows appellant's witness, Galloway, was asked by appellee on cross-examination "Mr. Galloway, from what you saw of Mr. Davis' ability and qualifications, in your judgment, was he qualified to do that kind of work, in your best judgment was he qualified to do that kind of work, fitted for it?" "To which question the defendant objected. The court overruled the objection, and the defendant then and there duly and legally excepted." It will be noted no grounds of objection are stated. In Kansas City M. & B. R. Co. v. Smith, 90 Ala. 25, 8 So. 43, 45, 24 Am.St.Rep. 753, the Supreme Court said: "The objection interposed, moreover, was general and undefined, failing to particularize any specified ground, and for this reason there was no error in disregarding it." See also Ladd v. State, 92 Ala. 58, 9 So. 401; Waters v. State, 117 Ala. 108, 22 So. 490; Bruce v. Sierra, 175 Ala. 517, 57 So. 709, Ann.Cas. 1914D, 125; McCray v. Sharpe, 188 Ala. 375, 66 So. 441.

■ Appellant assigns as error the refusal to give in its behalf charge D-1 (the affirmative charge), charge D-2 (the affirmative charge in another form), charge D-3 (the affirmative charge in still another form). Under the facts shown in this record the appellant was not entitled to the affirmative charge. The case was left, and properly so, to the decision of the jury. In the oral charge, the jury was instructed: "The policy of insurance is construed most strongly against the insurance company." Appellant's counsel said: "Where your Honor says that the policy must be construed against the company, we except to that." Insurance policies are

construed strictly against the insurer and liberally in favor of the insured. 12 Ala. Dig., Insurance, No. 146 (3), p. 343.

This disposes of all assignments of error except overruling the motion for a new trial. We are of the opinion that ruling was correct. The case presents a jury issue as to continuing permanent disability, and according to our view was properly left to the jury's decision. Such was the viewpoint of the trial court which heard the testimony and viewed the demeanor of the witnesses on the stand, and we concur.

Affirmed.