17 So.2d 879

**NEW YORK LIFE INS. CO. v. JONES.**

4 Div. 787.

Court of Appeals of Alabama.

Oct. 5, 1943.

Rehearing Denied Nov. 23, 1943.

Reversed on Mandate May 9, 1944.

Rushton, Weil, Stakely, Johnston & Williams, of Montgomery, for appellant.

Martin & Jackson, of Dothan, for appellee.

420

RICE, Judge.

Appellee had judgment in the court below against appellant, in her suit brought in four counts against it. Each count—but all for the same cause of action—claimed a sum due her by appellant under the terms of an insurance policy issued by it to her.

As the learned nisi prius judge put it:

"Gentlemen, the plaintiff, Mrs. Jones, brings her suit to recover a certain sum of money against the defendant, the New York Life Insurance Company, which she ·insists that she is entitled to recover for and on account of certain terms and provisions contained in a life insurance policy issued by the defendant to the plaintiff at the time disclosed by the testimony in this case, the date of the policy appearing in the policy itself, and on account of a certain provision in that policy to the effect that in the event she became totally disabled to engage in any gainful employment or occupation during the life of the policy that the company would pay to her the sum of $10 per month per thousand during the period of her total disability, the policy, as disclosed by the testimony in this case and appearing from the face of the policy, being for the sum of $2000, making the sum total per month which she insists that she is entitled to recover under the testimony in the case, and under the terms and provisions of the policy, the sum of $20 per month.

"She insists that she was totally disabled to engage in any occupation or work or employment during the months of June, July, August, September, October, November and December, of the year 1940, and during the months of January, February, March, April, May, June, July, August, September, October, and November, 1941."

Said nisi prius judge likewise charged the jury, orally, as follows, to-wit: "There has been some proof introduced in this case to the effect that prior to June, 1940, she gave notice or furnished notice to the defendant of her physical condition, and on that notice that the defendant paid her during several months or a certain period of time, recognized her total disability and paid to her the monthly payments of $20 per month. That testimony, Gentlemen, was permitted to go to you for the purpose, and for the purpose alone, to show that the defendant did have notice of her physical condition and otherwise that they had been notified with reference to her claim of total disability, and you .should not, and the Court instructs you, not to take and consider that evidence for any purpose other than so far as it pertains to notice by the plaintiff to the defendant of her claim of total disability."

■ In view of the excerpt from the oral charge of the court quoted just next above, we find no error in the action of the court in refusing appellant's motion to strike from any count of the complaint the words: "that the defendant acknowledged liability for the said four years and paid the plaintiff monthly disability benefits provided in said policy above set out until the 1st day of June, 1940."

The trial judge properly stated to the jury—and without objection:

"The testimony is not in conflict at the point of the issuance and delivery to Mrs. Jones of the policy sued on. There is no dispute, or the evidence is not in conflict, with reference to the payment of any past due premiums on the policy if the jury finds that she was totally disabled because the policy itself waives the payment of the premiums if she was, during the period covered by the suit, totally disabled, as I have defined total disability to you. There is no dispute that the defendant would be due the plaintiff the sum of $20 per month during the period covered by this suit, provided the jury finds that she was totally disabled, as I have defined total disability to you, during the period covered by this suit.

"So you see the main issue for you to determine in this case, and it is an issue of fact. You are not concerned with the physical condition of Mrs. Jones for any time other than the time covered by this suit, that is, from June 1, beginning June 1, 1940, and each month through November, 1941. That is the only period of time about which you are concerned, with reference to the physical condition of Mrs. Jones. That is the main issue in this case."

Also, as to what does and does not constitute "total disability" within the terms of the policy sued on, the trial judge charged the jury trying the case, as follows, to-wit: "Total physical disability, as used in the terms of the policy, does not mean in law, or under the rules of law of this State, that the person was helpless, incapacitated, physically incapacitated from doing anything, in a helpless condition. It does not mean that, but it does mean that the person is disabled physically to the extent that she cannot substantially engage

in any occupation, or gainful occupation or work for which she is qualified or capacitated or trained or skilled in doing, that she, on account of her physical disability, is not able, or is incapacitated to engage in any gainful employment which she was qualified, capacitated, trained, skilled, or knew how to do. You have heard the testimony along that line, what Mrs. Jones did before she insists that she became physically unabled, the different things that she did. You have heard the testimony with reference to her qualifications, her ability, her training, her experience, and you have heard the testimony with reference to her physical disability as disclosed by the testimony in this case. You have also heard the testimony for the defense with reference to, in contravention or disputing the fact of her total disability within the meaning of the policy."

■ So far as we can discern the charge of the trial court, last quoted above, was in substantial accordance with the latest and last utterance of our Supreme Court on the subject, as contained in the opinion in the case of Mutual Life Ins. Co. of New York v. Danley, 242 Ala. 80, 5 So. 2d 743. It was therefore correct. Code 1940, Title 13, Sec. 95. But if said quoted excerpt from the trial court's oral charge failed to embody accurately our Supreme Court's prevailing definition of "total disability," we think any deficiency in this regard was completely cured by appellant's requested written charge 7, duly given to the jury.

So the only contested issue in the case was submitted to the jury under correct instructions as to the law.

■ The bill of exceptions sent up here not reciting that it contains all the evidence—and we being unable to say that it does contain all the evidence—we, of course, do not consider the refusal of the trial court to give to the jury at appellant's request the general affirmative charge to find in its favor. Sims v. State, 29 Ala. App. 398, 198 So. 258, certiorari denied Id., 240 Ala. 177, 198 So. 259; All States Life Ins. Co. v. Johnson, 239 Ala. 392, 194 So. 877. And that is true with reference to the action of the trial court in overruling appellant's motion to set aside the verdict of the jury and grant it a new trial, on the ground the verdict was opposed to the great weight of the evidence. All States Life Ins. Co. v. Johnson, supra; St. Louis-San Francisco Ry. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433.

We are not so sure that we understand our duty as to considering appellant's requested written charges, other than the general affirmative charge, which were refused below, where, as here, it does not appear that the bill of exceptions contains all the evidence. Our Supreme Court, by which we are guided, Code 1940, Tit. 13, Sec. 95, has specifically stated that in such circumstances such charges are "not for review." Garrett v. State, 215 Ala. 224, 110 So. 23, 24. And it has intimated as much in at least one other case with which we dealt. See Liberty Nat. Life Ins. Co. v. Collier et al., 228 Ala. 3, 154 So. 118. This court made an equivalent statement in the opinion in the case of Taylor v. State, 28 Ala.App. 112, 179 So. 646. Many more authorities to like import are cited in the opinions in the three cases just mentioned.

■ So far as we can ascertain, our Supreme Court has never categorically overruled, or repudiated, the holding in any of those cases,—which holding is correctly epitomized in the second headnote to the report of the case of Garrett v. State, 215 Ala. 224, 110 So. 23, to-wit: "Where bill of exceptions does not purport to set out all evidence, refusal of charges predicated thereon are not presented for review."

■ True, our Supreme Court, in the case of All States Life Ins. Co. v. Johnson, 239 Ala. 392, 194 So. 877, 880, made this statement—which we may not clearly understand—which might, possibly, qualify the holding in Garrett v. State, supra, viz: "But the refusal (of a requested charge) can and will be revised, if it is shown by the bill of exceptions that the instructions were not abstract, (that is) that there was evidence before the jury upon which they were based and to which they could be applied, or were not addressed to the sufficiency of the evidence."

Whether the statement of the Supreme Court just quoted is or is not meant to modify the holding in Garrett v. State, supra, and similar holdings, it seems to us that under the authority of even All States Life Ins. Co. v. Johnson, supra, we are forbidden—it plainly failing to appear that the bill of exceptions contains all the evidence in the case—to here consider the refusal of the lower court to give to the jury at appellant's request its written charges 16 and 17 (which are set out in the report of

the case). They each seem to us to be "addressed to the sufficiency of the evidence" in the sense intended in the quotation, above, from the opinion in All States Life Ins. Co. v. Johnson. So we do not here consider said refused charges. Code 1940, Tit. 13, Sec. 95.

The remaining question in the case arises out of the ruling of the trial court in sustaining appellee's objection to appellant's question to its expert witness, Dr. Turner, as follows, to-wit: "Based on your examination in 1940 of Mrs. Alice T. Jones, in your opinion could she physically perform the duties of an office receptionist?"

■ Of course the question of whether or not we will consider this ruling is not dependent for its answer on the bill of exceptions containing all the evidence. Payne v. Boutwell, 26 Ala.App. 573, 164 So. 753.

It should be noted that Dr. Turner, to whom the above quoted question was put, was admitted to be a medical expert; that he examined Mrs. Alice T. Jones, appellee, but once, at the instance of the appellant; and that he "didn't find anything wrong with her except that she had difficulty reading fine print"—but that "she could read varying degrees of fine print." Dr. Turner further stated that Mrs. Jones "was not suffering from any disease or trauma."

In view of the testimony of Dr. Turner mentioned above we can not see that he was any more qualified to give an answer to the question quoted than would have been any member of the jury trying the case.

■ We believe the law that should govern is as stated in 32 Corpus Juris Secundum, Evidence, § 520, at page 218, viz: "* * * an expert witness in a manner discharges the functions of a juror, and his opinion evidence should never be admitted unless it is clear that the jurors themselves are not capable, from want of experience or knowledge of the subject, to draw correct conclusions from the facts proved." And see Capitol Motor Lines v. Gillette, 235 Ala. 157, 177 So. 881.

The duties of an "office receptionist," we take it, are well known; certainly they are as well known to a juror as to a "medical expert." Webster's New International Dictionary, Second Edition, defines receptionist as follows: "An office employee, usually a woman, who greets callers."

Assuming that this definition is so well and generally known as that it needed no proof on the trial—and unless we do so assume, the objection to the question to the witness Dr. Turner was properly sustained as for lack of said proof—it is plain that the duties of an "office receptionist" do not require her to "read fine print."

Hence it develops that the Doctor—the expert—"didn't find anything wrong with her" (appellee). That being the case, the Doctor's opinion, called for, was no more admissible than would have been that of any nonexpert witness. Such an opinion, it is conceded, would not have been admissible. 32 C.J.S., Evidence, § 438.

■ So the trial court did not err in sustaining the objection to the question quoted above—and this without regard to whether or not the proper grounds for said objection were stated. See Volunteer State Life Ins. Co. v. Davis, ante, p. 167, 14 So. 2d 162, certiorari denied Id., 244 Ala. 441, 14 So.2d 168.

What we have said disposes of all the questions argued which we were permitted to here consider.

It might merely be added that the main—we believe the sole—contested issue was, as the learned and careful trial judge said, "an issue of fact." The jury found against appellant; and it had, really, no valid grounds upon which to expect a reversal of the judgment.

It is affirmed.

Affirmed.

### Opinion after Remandment.

PER CURIAM.

In affirming the judgment in this case, upon original submission, we declined and refused, for reasons we set forth in our opinion, to consider appellant's requested and refused written charges 16 and 17.

The Supreme Court, upon petition for certiorari to us, has said that we were in error in so doing; and has remanded the case to us for our further consideration.

■ Giving it further consideration, and according to the mandate of the Supreme Court, by which of course we are controlled, Code 1940, Tit. 13, Sec. 95, we reach the conclusion that appellant was entitled to have the jury instructed as requested in the two written charges mentioned above.

They were not abstract; and we do not find their substance to have been otherwise given to the jury. And for the error in refusing to give to the jury these two written charges the judgment will be reversed and the cause remanded.

Since this is true, it would seem unnecessary to consider the other matter discussed in the Supreme Court's opinion.

Reversed and remanded.