# Woodward Iron Co. *v.* Johnson.

*Damages for Injury to Employe.*

(Decided March 2, 1907.   43 So. Rep. 186.)

*Master and Servant; Personal Injuries; Defective Appliances; Sufficiency of Complaint.*—In an action by an employe for injuries received by being struck with a falling "timber buggy," the count ascribed the injuries to a defect in the ways, works, machinery, plant, etc., and alleged the defect to consist in using a timber buggy without having it made fast in its place so that it would not fall upon plaintiff. Held, to show a negligent use of the appliance, and not a defect therein.

APPEAL from Birmingham City Court.
Heard before Hon. CHAS. A. SENN.

[Woodward Iron Co. v. Johnson.]

Action by John T. Johnson against the Woodward Iron Company. Judgment for plaintiff, and defendant appeals. Reversed.

The complaint consisted of a number of counts all of which were charged out at the request of the defendant except count C as amended. The substance of the count is stated in the opinion with sufficient clearness. A demurrer was interposed to this count, the second ground of which was as follows: Said count fails to set out a defect within the meaning of the employer's liability act. Several exceptions were reserved to the introduction of evidence and to the refusal of the court to give certain charges requested by the defendant, and to the giving of certain charges at the request of the plaintiff, but as they are not considered in the opinion, it is not necessary to here set them out.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The 2nd ground of demurrer to count C as amended should have been sustained.—Subd. 1, § 1749, Code 1896; L. & N. R. R. Co. v. Jones, 130 Ala. 456. Counsel discuss other assignments of error but cite no authority in support thereof.

ROBERT N. BELL, for appellee.—The demurrer to count C was properly overruled.—Schloss Co. v. Mobley, 139 Ala. 425; Birmingham Tract. Co. v. Reville, 136 Ala. 444; Goins v. Ala. S. & W. Co., 141 Ala. 137. The court properly refused defendant's charges.—Bibb v. Mitchell, 58 Ala. 657; Bomar v. Rosser, 131 Ala. 215.

DENSON, J.—Action to recover damages for a personal injury. At the time the injury occurred the plaintiff was in the employment of the defendant as a carpenter, and was engaged in helping to raise a trestle at the defendant's coke ovens. The injury resulted from a "timber buggy" falling on the plaintiff from the trestle. The cause was finally submitted to the jury on amended count C; all others being charged out at the request of the defendant. This count, after alleging the existence of the relation of employer and employe,

the injury, its nature, and the circumstances under which it was received, ascribes the injuries to a defect in the ways, works, machinery, or plant; the defect being described as follows: "Said defect consisted in using a 'timber buggy' wthout having it made fast and secure in its place, and that, when it might be suddenly pulled or jerked by the rope, it would not fall from its place and fall upon the plaintiff, who was working below or under it while it was being used."

It may be conceded that the "timber buggy," the implement in question, was a part of the plant.—*Sloss-Sheffield Steel & Iron Co. v. Mobley*, 139 Ala. 425, 36 South. 181. But can it be said from the averment that a defect is pointed out in the "timber buggy"? We think not. It seems that the most that can be predicated of the averment is a negligent user of the "timber buggy." Indeed, the specific averment is that the defect consisted in using a "timber buggy," etc.; and it is aptly argued by appellant that the failure to fasten the "timber buggy" if negligence, was the negligence of some agent or superintendent of the defendant, but it imputes no negligence to the employer in the matter of furnishing safe ways, works, machinery, plant, etc. It is entirely consistent with the averments of the complaint to say that the "timber buggy" in itself was all that due care required it to be. The case of *Birmingham Traction Co. v. Reville*, 136 Ala. 344, 34 South. 981, is distinguishable from the case at bar. The defect pointed out in that case was in its ways and works, and was averred in this language: "That there was no spring at said switch, or other proper appliance by which the point of the switch rail was kept in its proper position, so as to allow cars to pass without becoming derailed." Judge McClellan, speaking for the court, said: "We read the first count of the complaint to charge that the want of a spring to the switch or other appliance to hold the switch rail in position for the safe passage of cars was a defect in the ways or wroks of the defendant." In the case at bar there is no averment that the proper appliance for making the "timber buggy" fast was not at hand, but simply a user of the

"timber buggy" without such appliance. This may show negligence on the part of the superintendent or other servant of the defendant, but it falls short of showing that the "timber buggy" was defective. The second ground of the demurrer should have been sustained.—Dresser, Employer's Liability, p. 212, § 41..

It is unnecessary to consider other assignments of error. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.

