(93 South. 906)

### SHELBY IRON CO. v. BEAN.   (7 Div. 335.)

(Supreme Court of Alabama.   Oct. 26, 1922.)

**Master and servant** ⬤⟝258(10)—**Count describing defect held not too general.**

A count under Code 1910, § 3910, subd. 1, alleging injuries to a servant by a defect described as consisting of a defective furnace stack, *held* not too general in respect to the description of the defect.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Action by W. J. Bean against the Shelby Iron Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Leeper, Haynes & Wallace, of Columbiana, for appellant.

A count under subdivision 1 of section 3910 of the Code must specify and name the defect with such particularity as to inform the defendant of what he must defend. 122 Ala. 118, 26 South. 124; 164 Ala. 125, 51 South.

---

⬤⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

397, 137 Am. St. Rep. 31; 183 Ala. 315, 62 South. 804; 171 Ala. 251, 55 South. 170.

Longshore & Koening and Riddle & Ellis, all of Columbiana, for appellee.

Where a pleading in a negligence case shows a duty owed by defendant to plaintiff, and a breach thereof, to plaintiff's injury, very general averments of negligence are sufficient. 204 Ala. 607, 86 South. 908; 171 Ala. 251, 55 South. 170.

McCLELLAN, J. This is the second appeal in the course of the litigation. Shelby Iron Co. v. Bean, 203 Ala. 79, 82 South. 93. A satisfactory statement of the case there appears.

Of the errors assigned there is in the brief for appellant sufficient insistence to invoke review upon only one assignment, viz. that predicated of the action of the court in overruling appellant's demurrer to the amended count A, drawn to state a cause of action under subdivision 1, § 3910, Code. The amended count described the defect alleged as consisting of a defective furnace stack, thereby, after reversal on formal appeal, removing the fault that (on original consideration) was found to affect the count. After the amendment stated the count was not too general in respect of efficient description of the defect averred. The cases cited on brief for appellant do not invite a different conclusion.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.