(94 South. 514)

**RICHARDSON et al. v. VAUGHN. (8 Div. 448.)**

(Supreme Court of Alabama. Nov. 16, 1922.)

**I. Master and servant ⬮259(4)—Count held defective in not alleging coemployee's negligence in giving order.**

A count framed under Employers' Liability Act (Code 1907, § 3910, subd. 3), alleging that plaintiff, a minor, was ordered to grind meat with an electric power machine, and that injuries to his hand, caught in the grinder, were caused by the negligence of defendant's employee, to whose orders plaintiff was bound to conform, *held* fatally defective in not alleging that such employee was negligent in ordering plaintiff to grind the meat.

**2. Pleading ⬮64(2)—Count for injuries to employee held to state two causes of action.**

A count, alleging that plaintiff's injury by a meat grinder was caused by the negligence of a coemployee, who failed to instruct plaintiff, and that plaintiff was bound to conform to his coemployee's orders, and the injuries resulted from obeying orders, *held* demurrable, as setting up two distinct causes of action; the one negligent failure to instruct, and the other, plaintiff's obedience to the order.

**3. Master and servant ⬮258(19), 259(4)— Count held demurrable for failure to allege negligent order and breach of duty to instruct.**

A count, alleging that plaintiff's injury by an electric power meat grinder was caused by the negligence of a coemployee in failing to instruct plaintiff as to the proper operation of the machine, or as to its dangerous character, and that the injuries resulted from obeying coemployee's order, is defective under Employers' Liability Act (Code 1907, § 3910, subd. 3), in not alleging the giving of a negligent order; and, if treated as charging a negligent failure to instruct, it is defective in not alleging that the operation of the grinder was in fact dangerous to one not instructed.

<hr>

**4. Master and servant ⬥⇒258(19)—Count held demurrable for failure to allege machine was dangerous.**

A count based on defendant's failure to instruct plaintiff in the proper operation of a meat grinder, alleging that plaintiff was inexperienced as to its mechanism, and "was not informed as to its dangerous character," is not the equivalent of an affirmative allegation that the machine, in its mechanism or operation, was of a dangerous character, and hence is subject to demurrer.

**5. Master and servant ⬥⇒258(10)—Count held demurrable as not charging negligence.**

A count alleging that the proximate cause of plaintiff's injury was a defect in the condition of the ways, works, machinery, or plant connected with or used by his employers, the defendants, does not state a cause of action in that it charges no negligence.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

Action of William Vaughn, by his next friend, against W. M. Richardson and O. L. Chambers. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Count 1 of the complaint reads:

"Plaintiff who is a minor 17 years of age, claims of the defendants $5,000 damages for this: That heretofore and on, to wit, the 24th day of December, 1920, the defendants were the owners and engaged in the operation of a meat market on Tennessee street in Florence, Ala., and in connection with said business maintained and operated a machine for the grinding of meat, which said machine was operated by an electric motor. And plaintiff alleges that on said date he was in the employ of the defendants; and that while in such employ the plaintiff was directed to operate said meat grinder and grind up a quantity of meat, and while so engaged plaintiff alleges that his right hand was caught in said grinder, and was so crushed and mutilated that it had to be cut off. And plaintiff says that by reason of such injury he suffered great mental and physical pain, and was made sick and sore for a long time, and has lost the use of his right hand.

"And plaintiff alleges that his said injury was proximately caused by the negligence of A. D. Lane, who at such time was in the service or employment of the defendants, and to whose orders or directions plaintiff at the time of the injury was bound to conform, and did conform, and that such injury resulted from his having so conformed, wherefore he sues."

A. A. Williams, of Florence, for appellants.

Brief of counsel did not reach the Reporter.

Bradshaw & Sims, of Florence, for appellee.

There was no demurrer to count 4. Every material fact testified to by plaintiff would have been material, if demurrer had been sustained to counts 1, 2, 3, and 5, and plaintiff had stood on count 4 alone; hence the overruling of demurrers to the other counts was error without injury. 164 Ala. 216, 51 South. 419, 20 Ann. Cas. 822; 179 Ala. 397, 60 South. 154; 128 Ala. 305, 30 South. 676.

SOMERVILLE, J. [1] Count 1 of the complaint is framed under subdivision 3 of the Employers' Liability Act (Code, § 3910). It is fatally defective in not alleging that Lane was negligent in ordering plaintiff to grind the meat, if indeed Lane gave such an order. So. Car & Foundry Co. v. Bartlett, 137 Ala. 234, 241, 34 South. 20; Creola Lbr. Co. v. Mills, 149 Ala. 474, 480, 42 South. 1019. The demurrer pointed out this omission, and should have been sustained.

[2, 3] Count 2 alleges that—

Plaintiff "was not familiar with the mechanism or working of said meat grinder, and that his injury was proximately caused by the negligence of A. D. Lane, who failed to instruct *plaintiff as to the proper operation of said meat grinder, or as to the dangerous character of its mechanism.* And * * * that the said A. D. Lane was in the service or employment of the defendants, and that plaintiff was bound to conform, and did conform, to his orders and directions at the time the injury occurred, and that such injury resulted from his having so conformed."

We think that this count is subject to the seventh ground of demurrer, as setting up two distinct causes of action; the one, Lane's negligent failure to instruct, and the other, plaintiff's conformity to Lane's order. If the count be treated as framed under subdivision 3 of the act, it is defective in not alleging that Lane gave a negligent order; and, if it be treated as charging a negligent failure to instruct, it is defective in not alleging that the operation of the meat grinder was in fact *dangerous to one who was not instructed,* since otherwise the duty to instruct does not arise. Each of these defects was aptly pointed out by the demurrer.

[4] Count 3 declares upon defendants' negligent failure to instruct plaintiff in the proper operation of the meat grinder, and alleges that plaintiff was inexperienced and uninstructed as to its mechanism and working, and "was not informed as to its dangerous character." This last allegation is not the equivalent of an affirmative allegation that the machine, in its mechanism or operation, was of a dangerous character, and hence the count was, like count 2, and for the same reason, subject to the demurrer.

[5] Count 4 charges no negligence whatever. It merely "alleges that the proximate cause of his [plaintiff's] injury was a defect in the condition of the ways, works, machinery, or plant connected with or used by his employers, the defendants herein." Such a count, it has been several times held, does

not state a cause of action. M. & O. R. Co. v. George, 94 Ala. 199, 216, 10 South. 145; Seaboard Mfg. Co. v. Woodson, 94 Ala. 143, 146, 10 South. 87. It follows, of course, that it would not support a judgment though no objection were taken to it by demurrer.

Count 5 is subject to the same criticism made of count 4, and as to count 5 an apt ground of demurrer was presented.

It will be unnecessary to deal with assignments of error relating to the refusal of requested instructions. For the errors of the trial court in overruling the demurrers to the several counts of the complaint, the judgment will be reversed, and the cause remanded for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.