182

168 So.2d 214

**Wilmer LIPSCOMB et al.**

**v.**

**Angus PAUL.**

**1 Div. 91.**

Supreme Court of Alabama.

Oct. 22, 1964.

J. B. Blackburn and Jas. R. Owen, Bay Minette, for appellants.

Cecil G. Chason, Foley, for appellee.

COLEMAN, Justice.

Defendants appeal from a judgment for plaintiff in an action under the Employer's Liability Act, Title 26, § 326 et seq.

The complaint contained three counts, all apparently intended to state a cause of action under the first subdivision of § 326. The court overruled defendants' demurrer to the amended complaint and defendants assign this action as error, severally as to each count.

In Count 1, plaintiff claims damages for that he was in the employment of defendants as a laborer on a farm operated by defendants, and, while so employed, " . . . by reason of a defect in the condition of the ways, works, machinery, or plant connected, with or used in the business of the said employers, *to-wit, a grain auger having fallen on him and as a proximate result thereof,* HE suffered from a fracture of a vertebrae in his back . . . .," etc.

Defendants argue that each count is defective because it fails to point out which ways, works, machinery, or plant connected with or used in the business of defendants were defective.

■■ A complaint declaring on negligence under the Employer's Liability Act should, in respect of certainty, conform to rules which, under our system, apply to pleading generally. Those rules permit the averment of conclusions, but conclusions, when employed, must ordinarily be accompanied with averments of fact whereon issues can be understood, joined, and tried. When based on defects in the ways, works, or machinery of the employer, the complaint should describe the defects with such particularity as to inform the defendant of what he is called on to defend. Louisville & N. R. Co. v. Jones, 130 Ala. 456, 470, 30 So. 586.

In the last cited case, Count 1 contained the averment that plaintiff's intestate had died as a proximate consequence of a defect in the condition of the ways, etc. of defendant, as is averred of plaintiff's injuries in Count 1 of the case at bar, with the further averment that "the appliances used by defendant in or about attempting to get said car upon said rails were not proper and sufficient for that purpose." This court held the count demurrable. To like effect are the holdings in Whatley v. Zenida Coal Co., 122 Ala. 118, 26 So. 124; Woodward Iron Co. v. Johnson, 150 Ala. 365, 43 So. 186; and Richardson v. Vaughn, 208 Ala. 442, 94 So. 514.

■ We do not find in Count 1 of the instant case any averment pointing out any particular defect in defendants' ways, works, machinery, or plant. While the statute makes the master liable for an injury to one of his servants on account of any defect in his ways, etc., some particular defect must be alleged and proven. It is not sufficient merely to follow the language of the statute without describing any defect. See Shelby Iron Co. v. Bean, 203 Ala. 78, 82 So. 92, and 208 Ala. 264, 93 So. 906.

■ In the instant case, plaintiff does allege in Count 1: "to-wit, a grain auger having fallen on him and as a proximate result thereof, HE suffered," but this allegation is not an assertion that the auger was defective, or that any other tool or appliance was defective, or that the auger fell as the proximate result of a defect in the auger or any other tool, appliance, or device. For that reason, the demurrer to Count 1 should have been sustained.

In Count 2, plaintiff claims damages for that "while operating, as a part of his employment, a grain auger, and while acting within the line and scope of his employment, said grain auger did fall upon him," and "that said injury was caused by reason of defects in the condition of the works, machinery, or plant used in the business of the Defendants, all to Plaintiff's injury as aforesaid."

Here, again, plaintiff fails to point out any defect with sufficient particularity and, for that reason, Count 2 was demurrable.

In Count 3, plaintiff claims "damages as a proximate result of the negligence of the Defendants in that he, as an employee of the Defendants, was operating a grain auger, a part of the works, ways, machinery, and plant of the Defendants, whch fell upon him causing permanent injury . . . . all as a result of, and proximately caused by a defect in the condition of the works, ways, machinery or plant used in the business of the Defendants as aforesaid."

■■ The reference to "the negligence of the Defendants" fails to aid the generality of the subsequent averment that plaintiff suffered injury as a result of a defect. While negligence may, in our liberal system of pleading, often be averred as a conclusion, it would still appear that plaintiff must allege that defendants did or omitted to do, or negligently did, some act of some sort. In order to maintain an action based on negligence, the complaint must show the existence of some duty which defendants owed to plaintiff, and, in addition, must allege a breach of such duty. The complaint should allege a breach or negligent performance of the duty owed to plaintiff by defendants, although the plaintiff need not set out in detail the specific acts constituting the negligence complained of as this would be pleading evidence. Tennessee Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 256, 257, 55 So. 170.

The averment that plaintiff was an employee of defendants certainly shows that defendants owed plaintiff certain duties. We are not sure just which duty plaintiff relies on. We are sure, however, that Count 3 fails to show a breach of any duty. As a common law count for negligence, Count 3 is defective for failure to show any breach of duty. As a count under subdivision (1) of § 326, Count 3 is demurrable for failure to point out the defect.

We have examined the cases relied on by plaintiff to support his assertion that the complaint is not demurrable. In each of the cases cited, the complaint contains an allegation that some named tool, device, appliance, or part of defendants' ways or machinery was defective.

Plaintiff says that the cases cited by defendants "were decided prior to the adoption of this particular act in 1911." Examination of the Code of 1896, indicates that § 1749, subdivision 1, of that Code is the same, in all respects here material, as § 326, Title 26, Code 1940. Moreover, the same statute appears as § 2590 of the 1886 Code.

It is unnecessary to consider other assignments of error. Woodward Iron Co. v. Johnson, supra.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.