This appeal arises from the granting of a directed verdict.
As a result of an automobile accident between plaintiff and Dunaway, plaintiff sued B.J.'s Lounge (defendant-lounge), contending that the defendant-lounge dispensed alcoholic beverages to Dunaway contrary to the following regulatory provision: "No on premise licensee may serve a person any alcoholic beverage if such person is acting in such a manner as to appear to be intoxicated," Ala. Adm. Code, Vol. 1, ABC Bd., Reg. 20-X-6-.02(4), and, therefore, was liable pursuant to the Dram Shop Act, Ala. Code (1975), § 6-5-71.
At the close of all of the evidence, the trial court granted the defendant-lounge's motion for a directed verdict. The plaintiff appeals, and we affirm.
The plaintiff contends that the trial court erred by not submitting the case to the jury, arguing that there was a scintilla of evidence to support the dram shop claim against the defendant-lounge. We disagree.
One of the elements of a cause of action under the Dram Shop Act is that the defendant provide alcoholic beverages to the intoxicated person who caused the accident. Martin v. Watts,513 So.2d 958 (Ala. 1987). We have carefully reviewed the record and find no evidence that the defendant-lounge provided Dunaway with any alcoholic beverages on the day in question. Therefore, the trial court was correct in granting defendant-lounge's motion for a directed verdict. Evidence which affords nothing more than mere speculation, conjecture, or guess is insufficient to warrant submission of a case to a jury. Williams v. Palmer, 277 Ala. 188, 168 So.2d 220 (1964).
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.
 ON APPLICATION FOR REHEARING