SAM A. BEATTY, Retired Justice.
The plaintiff, James Sikes, appeals from a judgment based on a directed verdict for the defendant, R.E. Jones, granted by the trial court at the conclusion of Sikes’s case. We affirm.
Jones employed Sikes as a farm laborer. In the fall of 1991, Jones instructed Sikes to remove a tire and rim from a livestock trailer. The trailer was parked on wet grass. After the lug nuts were removed, the wheel still could not be removed. Jones then instructed Sikes to try to remove the wheel by striking it with a sledgehammer. Sikes struck the wheel several times, and in the process, twisted his knee. Jones immediately took Sikes to a hospital. Sikes eventually required extensive medical treatment, including two surgical procedures.
Sikes sued Jones pursuant to the Employer’s Liability Act, §§ 25-6-1' to -4, Ala.Code 1975. Alabama’s workers’ compensation laws do not apply, because Sikes was a farm laborer and Jones employed fewer than five employees. § 25-5-50, Ala.Code 1975. Sikes’s complaint alleged that Jones had “breached his duty of providing [Sikes] with a defect-free condition of the ways, works, machinery or plant connected with or used in [Jones’s] business,” and that Jones had “breached his duty to supply for [Sikes’s] use, and keep in proper condition, tools, implements and appliances necessary in reasonably carrying on [Jones’s] business.” See § 25-6-1, Ala.Code 1975; Belcher v. Chapman, 242 Ala. 653, 7 So.2d 859 (1942).
The case was tried in September 1995 before a jury. Sikes testified that he did not know what caused him to twist his knee. He further testified that he did not know what the correct tool would have been for the job of removing a wheel from a trailer, and that there was nothing wrong with the sledgehammer except that it was old, cracked on the end, and somewhat short. None of those deficiencies, he said, caused him to twist his knee. Finally, Sikes stated that he was not saying that Jones had done anything wrong. At the close of Sikes’s case, Jones moved for a directed verdict. The trial court took the motion under advisement and on the following morning, directed a verdict for Jones. The trial court denied Sikes’s motion for a new trial.
The sole issue on appeal is whether the trial court erred in directing the verdict. Sikes argues that his testimony that he was working on wet grass constituted substantial evidence that there was a defect in the condition of Jones’s “plant,” and that his allegation that a sledgehammer was not a proper tool to use for removing a tire constituted substantial evidence that Jones failed to supply him with the proper tool in proper condition. He insists those issues should have been submitted to a jury.
Jones maintains that Sikes had the burden to prove, by substantial evidence, that Jones *1204 breached his duty under the Employer’s Liability Act and that the breach of that duty was the proximate cause of Sikes’s injury to his knee. According to Lipscomb v. Paul, 277 Ala. 182, 168 So.2d 214 (1964), some particular defect in the defendant’s ways, works, machinery, or plant must be alleged and proven.
The record clearly indicates that Sikes did not offer substantial evidence of any particular defect in Jones’s “plant” or in the tool provided for the job at issue. Sikes did not offer any evidence, only his own speculation, that either the wet grass or the use of the sledgehammer was the proximate cause of his injury. A directed verdict is proper when the plaintiff has not presented substantial evidence as to each element of his cause of action. Chamlee v. Johnson-Rast & Hays, 579 So.2d 580 (Ala.1990).
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.