843 So.2d 133 (2002)
JIM WALTER HOMES, INC.
v.
Martha Joan NICHOLAS.
1001716.
Supreme Court of Alabama.
June 21, 2002.
Rehearing Denied August 23, 2002.
*134 George W. Walker III and J. David Martin of Copeland, Franco, Screws & Gill, P.A., Montgomery, for appellant.
Clatus Junkin and Charles E. Harrison of Junkin & Harrison, Fayette, for appellee.
PER CURIAM.
The defendant Jim Walter Homes, Inc. ("JWH"), appeals from a judgment entered against it on a jury verdict for the plaintiff Martha Joan Nicholas.
JWH builds houses to a percentage of completion agreed to by the buyer and JWH; the buyer then finishes the house. In November 1989 Nicholas signed a contract and related financing documents for the purchase of a house to be constructed by JWH on her property in Fayette County. A surveyor selected by JWH surveyed the property in 1989 for purposes of securing financing.
JWH constructed the house to the agreed-upon percentage of completion, and Nicholas assumed possession in February 1990. In 1995 she was informed that a corner of her house was located on real property belonging to an adjacent landowner. When she informed JWH of the *135 problem, JWH purchased the land at no cost to Nicholas and deeded the land to her. In 1996, Nicholas was informed by another adjoining landowner that a 40-foot strip of property owned by that landowner ran through the middle of her house. Testimony indicated that JWH did not respond to Nicholas's telephone inquiries about the landowner's assertion that her house had been constructed partially on his property.
In 1997 Nicholas sued JWH, alleging negligence and wantonness, fraudulent suppression, and deceit. The case was tried in March 2001. The trial court denied JWH's motions for a judgment as a matter of law made at the close of Nicholas's case and again at the close of the evidence.
The jury returned a general verdict for Nicholas, awarding her $50,000 in compensatory damages and $50,000 in punitive damages. The trial court entered a judgment on the verdict and later denied JWH's postjudgment motion for a judgment as a matter of law or for a new trial. On appeal, JWH argues that Nicholas's negligence and wantonness count is barred by the two-year statute of limitations and that, because the jury entered a general verdict, we cannot know whether its verdict was based on that claim, and, therefore, that the judgment entered on that verdict must be reversed. We agree, and we reverse and remand.

Standard of Review
"An appellate court, when reviewing a ruling on a motion for a judgment as a matter of law, uses the same standard the trial court used initially in granting or denying the motion. Regarding questions of fact, the ultimate question is whether the nonmovant presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution. ... [T]he nonmovant must present `substantial evidence' in order to withstand a motion for a judgment as a matter of law. A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. In reviewing a ruling on a motion for a judgment as a matter of law, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Regarding a question of law, however, this Court indulges no presumption of correctness as to the trial court's ruling."
Bell v. T.R. Miller Mill Co., 768 So.2d 953, 956 (Ala.2000)(footnote and citations omitted).
"[W]here several claims are submitted to the jury, over [motions for a judgment as a matter of law] by the defendant, and the jury renders a general verdict as to those claims, on appeal this Court must determine whether the plaintiff presented substantial evidence in support of each of the claims."
Ex parte Grand Manor, Inc., 778 So.2d 173, 177 (Ala.2000) (emphasis added). "If the trial court should have directed a verdict as to one or more of [Nicholas's] claims, then we cannot assume that the jury's general verdict ... was returned on a `good' claim or on good claims and the judgment based on the jury's verdict must be reversed." Glenlakes Realty Co. v. Norwood, 721 So.2d 174, 177 (Ala.1998).

Discussion
JWH contends that the trial court erred in denying its motion for a judgment as a matter of law with regard to the count alleging negligence and wantonness. Specifically, JWH maintains that this count is *136 barred by the two-year statute of limitations set out in § 6-2-38(l), Ala.Code 1975.[1]
"Principles governing burden of proof at trial and accrual of causes of action are ... dispositive. Turning to burden of proof, we note that when it appears from the face of the complaint that the plaintiff's claim is time-barred, the defendant is entitled to a dismissal based upon the defense of the statute of limitations, without the necessity of offering any proof. See Travis v. Ziter, 681 So.2d 1348 (Ala.1996). However, the plaintiff can overcome a defense of limitations by averment and proof of circumstances permitting tolling of the running of the limitations period, such as fraud on the part of the defendant in concealing the wrongdoing, see Parsons Steel, Inc. v. Beasley, 522 So.2d 253 (Ala.1988), or estoppel by reason of unfulfilled promises of the defendant in exchange for the plaintiff's agreement to postpone commencement of an action, see Sokol v. Bruno's, Inc., 527 So.2d 1245 (Ala.1988). In those instances, the burden of proof is on the plaintiff to overcome the defense of limitations. See Parsons Steel, Inc., supra."
Payton v. Monsanto Co., 801 So.2d 829, 834 (Ala.2001).
In her complaint, Nicholas alleged that JWH
"acted negligently, carelessly, recklessly, willfully and wantonly by improperly and incorrectly surveying [her] real property, and by constructing a dwelling in accordance with that improper and incorrect survey ... located partially on the property of two (2) separate adjacent landowners."
The evidence at trial indicated that the survey of Nicholas's property was conducted in November 1989. JWH constructed Nicholas's house and she took possession of the house in February 1990. This action was filed in 1997; the two-year statute of limitations bars recovery on her count alleging negligence and wantonness.
JWH specifically pleaded the statute-of-limitations defense in its motion for a judgment as a matter of law and properly preserved that issue for our review. Nicholas's negligence and wantonness count is barred, as a matter of law, by the statute of limitations. Because the jury returned a general verdict, the judgment entered on that verdict must be reversed. Glenlakes Realty Co. v. Norwood, supra. Because we must reverse the judgment on this ground, we do not address JWH's other contentions.

Conclusion
The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, and WOODALL, JJ., concur.
HOUSTON, HARWOOD, and STUART, JJ., concur in the result.
MOORE, C.J., dissents.
MOORE, Chief Justice (dissenting).
I respectfully dissent. I believe Nicholas produced sufficient evidence of fraudulent concealment so as to toll the running *137 of the statute of limitations. Nicholas presented evidence indicating that a JWH representative had informed her that JWH would perform the survey and that it would be a waste of money for Nicholas to hire her own surveyor. Additionally, the cost of the JWH survey was incorporated into the price of the house. The JWH survey was purportedly conducted and signed by "Roy Moore," who was a licensed surveyor. However, Moore had retired from surveying several years before the survey of Nicholas's property, and he had informed JWH of his retirement. Moore testified that he did not perform the Nicholas survey and that the signature purporting to be his was, in fact, not his. Nicholas also presented evidence indicating that the invoice for payment for the survey was submitted by "Moore & Pratt Surveyors"; however, the address to which payment was to be sent belonged to Clarence W. "Billy" Pratt, an unlicensed surveyor who at one time worked for Moore. Moore testified that he did not authorize Pratt to conduct surveys in Moore's name or to issue invoices in the name of "Moore & Pratt Surveyors."
I believe Nicholas presented evidence from which a jury could properly infer that JWH fraudulently concealed from Nicholas the fact that it knew that Moore did not conduct the survey and that the actual surveyor of the property, Pratt, was not a licensed surveyor. Therefore, I respectfully dissent.
NOTES
[1] Section 6-2-38 (l), Ala.Code 1975, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."