THOMPSON, Presiding Judge,
dissenting.
After reviewing the record, I conclude that Terry Denson failed to meet the burden required to submit the issue of Robert Moses’s testamentary capacity to a jury. Accordingly, I must respectfully dissent.
“ ‘An appellate court, when reviewing a ruling on a motion for a judgment as a matter of law, uses the same standard the trial court used initially in granting or denying the motion. Regarding questions of fact, the ultimate question is whether the nonmovant presented sufficient evidence to allow the case or the issue to be submitted to the jury for a factual resolution.... [T]he nonmovant must present “substantial evidence” in order to withstand a motion for a judgment as a matter of law. A reviewing court must determine whether the party who bears the burden of proof has produced substantial evidence creating a factual dispute requiring resolution by the jury. In reviewing a ruling on a motion for a judgment as a matter of law, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw.’ ”
Jim Walter Homes, Inc. v. Nicholas, 843 So.2d 133, 135 (Ala.2002) (quoting Bell v. T.R. Miller Mill Co., 768 So.2d 953, 956 (Ala.2000)) (emphasis added).
The issue presented to the circuit court and to this court is whether Denson presented “substantial evidence” in support of her claim that Moses lacked testamentary capacity. Jim Walter Homes, Inc. v. Nicholas, supra. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see also § 12-21-12(d), Ala.Code 1975.
In discussing the requirements necessary to show testamentary capacity, our supreme court has explained:
“ ‘The law presumes that every person has the capacity to execute a will, *853 and the burden is on the contestant to prove the lack of testamentary capacity. To possess testamentary capacity, one must be able to recall the property to be devised, the desired disposition of the property, and the persons to whom he or she wishes to devise the property. In Fletcher v. DeLoach, 360 So.2d 316 (Ala.1978), the Court described in detail the broad evidentiary inquiry that must be made when testamentary capacity is at issue:
“ ‘ “ ‘Evidence is competent to prove conduct and language at various times and places indicating an unhealthy mental condition, and the more extensive the view the safer is the determination reached.’
“ ‘ “[Tucker v. Tucker, 248 Ala. 602, 610, 28 So.2d 637, 644 (1946).] Thus, evidence offered as to the mental and physical condition of the testatrix, either before or immediately after execution of the will, is admissible since it tends to indicate her condition when the will was signed. Likewise, testimony regarding the testatrix’s ‘conversations, deportment, acts, and appearance’ has been found to be competent on the issue of testamentary capacity.”
“ ‘360 So.2d at 318 (citations omitted).’
“Allen v. Sconyers, 669 So.2d 113, 117-18 (Ala.1995) (citations omitted and emphasis added).
“ ‘Simply stated, if the testator knows his estate and to whom he wishes to give his property and understands that he is executing a mil, he has testamentary capacity. A person may execute a valid will, even if he or she is not competent to transact ordinary, everyday affairs.’ ”
Ex parte Helms, 873 So.2d 1139, 1147 (Ala.2003) (some emphasis in original; some emphasis added).
This court must presume, as did the circuit court, that Moses had testamentary capacity at the time he executed the will. Ex parte Helms, supra (citing Allen v. Sconyers, 669 So.2d 113 (Ala.1995)). In opposition to Denson’s challenge, Virginia Moses (“Virginia”) submitted the testimony of David Hogg, the attorney who drafted Moses’s will. Hogg testified that during both occasions he dealt with Moses concerning the will, he believed Moses had testamentary capacity. Hogg also testified that he clearly remembered that Moses desired to execute a will that omitted his child, which tends to support Hogg’s determination that Moses knew his estate, knew that he was executing a will, and knew to whom he desired to give his property. See Ex parte Helms, supra.
In attempting to defeat the presumption that Moses had testamentary capacity at the time he executed the will, Denson presented evidence that merely calls into question whether Moses had testamentary capacity at the time he executed the will. Dr. Calvin Reid, Moses’s treating physician, expressed doubts as to whether Moses had testamentary capacity at the time he executed the will, but there was no direct evidence indicating that Moses actually lacked testamentary capacity at that time. Dr. Reid expressed concern that Moses possibly had experienced a cognitive decline or was in the early stages of Alzheimer’s disease; however, Dr. Reid had not diagnosed Moses as having such a condition, nor did he have contact with Moses at the time Moses executed the will. At most, the evidence indicates that Moses had had a bout of delirium while receiving medical treatment in the hospital. I do not believe that the evidence was sufficient to call Moses’s testamentary capacity at all *854 times after the period of delirium into question, much less to create a question of fact as to whether he possessed such capacity. An issue such as insanity or a cognitive decline should be shown to be a consistent and continuing condition in order to establish that that condition prevented the testator’s ability to form the requisite level of testamentary capacity. Camp v. Dobson, 228 Ala. 32, 152 So. 38 (1934).
The burden is on the contestant to show a lack of testamentary capacity. Ex parte Helms, supra; Smith v. Vice, 641 So.2d 785, 786 (Ala.1994). Hogg’s testimony, particularly his testimony pertaining to Moses’s intention to omit Denson from his will, indicates that Moses had testamentary capacity when he executed the will. See Smith v. Vice, 641 So.2d at 787-88 (“The fact that, in a discordant family, a testatrix may perceive her daughter’s actions in obtaining a lunacy warrant for her arrest as unfavorable, and accordingly will nothing to the daughter, simply does not indicate a lack of testamentary capacity.”). By his own testimony, Dr. Reid admitted he did not know Moses’s condition at the time Moses executed the will, and he “questioned” whether Moses had testamentary capacity at that time. However, speculation about Moses’s capacity is not sufficient to create a factual question to submit to a jury. Sikes v. Jones, 686 So.2d 1202 (Ala.Civ.App.1996) (speculation concerning the cause of an injury was insufficient to warrant submitting the issue to a jury); Nelson v. Dunaway, 536 So.2d 955, 956 (Ala.Civ.App.1988) (“Evidence which affords nothing more than mere speculation, conjecture, or guess is insufficient to warrant submission of a case to a jury.”).
I conclude that the circuit court properly refused to submit the issue of Moses’s testamentary capacity to the jury and that it correctly entered a judgment as a matter of law in favor of Virginia. Therefore, I dissent.